ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 6 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| CHRISTOPHER GEORGE ARNONE, #1173315, <br> Petitioner, <br><br> v. <br><br> DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, <br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) <br><br> 3:05-CV-0669-B |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Neal Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process to Respondent in this case.

Statement of the Case: Following his *nolo contendere* plea to the offense of injury to a child, the trial court placed Petitioner on deferred adjudication probation for a ten-year term. (Petition (Pet.) ¶¶ 1-5 and Memorandum in Support at 1-2). Subsequently the State filed a

motion to revoke community supervision. (Id.). After a hearing, the trial court adjudicated Petitioner guilty and assessed punishment at fifteen years' confinement. (Id.) The Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. Arnone v. State, 05-03-01165-CR (Tex. App. – Dallas, Jan. 28, 2004). While the deadline to submit a petition for discretionary review (PDR) was extended to April 27, 2004, Petitioner did not timely file a PDR. See id., http://www.courtstuff.com/FILES/05/03/05031165.HTM (docket sheet information generated March 23, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas).

On August 21, 2004, he submitted a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure. Ex parte Arnone, WR-60,218-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID=229368 (docket sheet information generated May 14, 2005) (Official internet site of the Texas Court of Criminal Appeals). He alleged (1) his plea was involuntary, (2) his conviction was obtained through a coerced confession, (3) his conviction was obtained through a violation of the privilege against self incrimination; and (4) his sentence was illegal. (Pet. ¶ 11). The Texas Court of Criminal Appeals denied the state application without a written order on February 9, 2005. Ex parte Arnone, WR-60,218-01, *supra*, for internet address of docket sheet.[1]

In his federal petition, filed on April 5, 2005, he alleges the trial court violated his due process rights by denying his objections to the PSI report. (Pet. at 7).[2]

---

[1] The petition and memorandum in support appear to contain a clerical error. They state the art. 11.07 application was denied on February 9, 2004, instead of February 9, 2005..

[2] For purposes of this recommendation, the petition is deemed filed on March 25, 2005, the date Petitioner alleges placing it in the prison mail. See Spotville v. Cain, 149 F.3d

2

Findings and Conclusions: It is well settled that a state prisoner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. Shute v. State of Texas, 117 F.3d 233, 237 (5th Cir. 1997); Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); Richardson v. Procunier, 762 F.2d 429, 430-31 (5th Cir. 1985). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998); Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir. 1986); Richardson, 762 F.2d at 430-32; see also Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement. He concedes raising the claim at issue in this case only in his direct appeal to the Fifth District Court of Appeals. (Memorandum in Support at 2). It is clear that he

---

374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the Antiterrorism and Effective Death Penalty Act when the prisoner tenders it to prison officials for mailing).


did not file a timely PDR, and did not raise the issue in his art. 11.07 application. (Pet. at 3). The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the claim which Petitioner raises in this action. Accordingly, this petition for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to refile after exhausting state habeas corpus remedies. See Rose v. Lundy, *supra*.[3]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies. A copy of this recommendation will be mailed to Petitioner.

Signed this 26 day of April, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The court cautions Petitioner that the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any petition that Petitioner files in this court. The court further cautions Petitioner that the filing of a federal habeas corpus petition, such as the one filed in this case, does not toll the statute of limitations for federal habeas relief. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Moreover, since the present petition only raises one ground of relief, the court need not address the stay and abeyance of mixed habeas petitions recently addressed by the Supreme Court in Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528 (Mar. 30, 2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed habeas petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE